## HERBERT R. WELKNER, Etc., *v.* DOMINIC DI CARLO, et al.

[No. 37, April Term, 1942.]

*Decided July 20, 1942.*

16

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Hollen B. Hoffman* for the appellant.

No appearance and no brief filed for the apellees.

SLOAN, J., delivered the opinion of the Court.

Herbert R. Welkner, trading as Bell Refrigeration Sales and Service Company, the appellant, brought suit is *assumpsit* against Dominic DiCarlo and Rene DiCarlo, appellees, on a contract for the sale by the appellant of a "G. E. (General Electric) wet beverage cooler, completely reconditioned, service guaranteed one year free," for $250, of which $36 was paid in cash, and the balance to be paid in twenty-three monthly installments of $9 each, and a final installment of $7, according to the conditional sales contract executed by the parties. To the contract there was attached a confessed judgment note, which was not entered as such, but upon which suit was brought. It was stipulated in the contract: "That any note given in connection with this contract is understood to be as evidence of, and not in payment of, the obligation thereunder, and may be negotiated without any condition hereof, even though at the time of execution it may be temporarily attached hereto by perforation or otherwise." The contract and note had been assigned to a third party; but when the suit was brought, it was in the hands of the original contractor and the payee of the note, so the court was not concerned, nor are we, about the rights of an innocent purchaser or third party.

The trial was before the court sitting as a jury. There were no exceptions, no prayers for instructions. The judgment being for the defendants, the plaintiff appealed.

By Rule 9 (c), Part Three, III, Rules of Prac. & Proc., in effect September 1, 1941, it is provided that: "No re-

quests for instructions and no objections or exceptions to the judgment or to the opinion of the court are required for the purpose of review," and "Upon appeal, the Court of Appeals may review upon both the law and the evidence, but the judgment of the trial court shall not be set aside on the evidence, unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

In this court, the defendants did not file a brief and no one appeared for them.

The contention of the defendant, at the trial, was that the plaintiff had not only sold them a defective machine and had failed to give the "service guaranteed," and that the cooler had become useless and had to be discarded, and these were the reasons assigned by the court for its decision, given in accordance with the rule, which provides that in trials by the court it "shall dictate to the court stenographer, or prepare and file, a brief statement of the grounds for its decision and the method of determining any damages awarded." It also provides: "When a proceeding has been so tried by the court, an appeal from the judgment if allowed by law, may be taken according to the practice in equity."

The evidence of the plaintiff, was that the note was for $214, on account of which the defendants made four payments of $9 each, leaving a balance of $178. The office manager, Richard H. Gunther, testified that the plaintiff answered two complaints, and made the repairs required, and later Mr. DiCarlo called several times and told him to have his truck call and take it out, but was told, "he had bought the cooler and he would have to pay for it." The defendant, Mr. DiCarlo, testified that he called several times, but with the exception of the first two, no one came to repair the cooler, and it was so unsatisfactory that he finally put it in storage and bought a new cooler. When he could not get service from the plaintiff, he looked in the telephone book for "refrigerator people," and found the name of the "A & A," which sent a man to the defendant's place, but "he would

not service it because it was free service on it for a year." He says, "it ain't ethical for them to do that."

The evidence in the case is that the refrigerator or cooler was unsatisfactory, and badly in need of repair. It would not work, and was of no use to the defendants, and the court was justified in holding that the plaintiff had not performed his part of the contract. The only question is whether the proper rule of law had been applied to reach its conclusion. The plaintiff rested on the letter of the contract, while the defendants apparently contend that they should not be required to pay because the plaintiff did not service the cooler for one year.

The rule of law is that the defendants are not entitled to rescind or repudiate the contract, and are only entitled to set off or credit against the contract price for such amount as they paid or incurred for keeping the machine in repair. There was no warranty of the quality of the goods purchased, and the court did not permit that question to be raised by the evidence. If there had been, and defects had been later discovered, the buyer would have had the right, within a reasonable time, to tender the goods back to the seller. *Osgood v. Lewis*, 2 Har. & G. 495, 496, 18 *Am. Dec.* 317; *May Oil Burner Corp. v. Munger*, 159 Md. 605, 611, 612, 152 A. 352; *Restatement of Laws of Contracts*, Sec. 400. In this case, the seller sold and the buyers accepted the refrigerator, and for four months paid their installments. On the other hand, the seller agreed to keep it in repair for a year. In this, the seller failed. The buyers could then have had the refrigerator serviced or repaired for one year at the seller's expense, and have deducted it from the contract price, or have sued for it if the purchase money had been paid in full. In the case of *White Automobile Co. v. Dorsey*, 119 Md. 251, 86 A. 617, 619, the buyer sued, and in one count claimed the return of the purchase money, and in addition said, in the declaration, that the seller had agreed to keep the car in repair for a year. On demurrer, this court held that the count was bad for duplicity, as it "combines two distinct causes

of action: First, a breach of the express warranty that the automobile was 'sound, free from defects in workmanship and material,' etc.; and, secondly, a breach of contract on the part of the defendants 'to keep the same in satisfactory running condition, without expense to the plaintiff, for a period of one year from the date of said purchase'." *Rice v. Forsyth,* 41 Md. 389, 408.

For the reasons stated, we are of the opinion that the defendants are not entitled to rescind the contract, but are entitled to a deduction or credit on the contract price for such amount as would be reasonably necessary to put and keep the machine in good working order for year. As there is no evidence as to what this would be, the case will be remanded for a new trial.

*Judgment reversed, with costs, and case remanded for new trial.*